UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

In Re:

HEATHER A TRUMBLE,

   Debtor.                                              Case No: 19-12607-BFK

NAVY FEDERAL CREDIT UNION,

   Movant,                                            Chapter 13

v.

HEATHER A TRUMBLE,
THOMAS P. GORMAN, Trustee,

   Respondents.

## CERTIFICATE OF DEFAULT

1.    The above referenced Debtor is in default under a certain Consent Order entered by this Court on May 10, 2023 (the **"Order"**), with regard to a certain Deed of Trust Note dated January 20, 2016, held by the Movant, which is secured by a Deed of Trust on property located at 22021 Manning Square, Sterling, VA 20166 (the **"Property"**).

Robyn D. Pepin, VSB #77784
John J. Chappell, III, VSB #88617
Alexander M. A. Rivera, VSB #98374
Mengkun Chen, VSB #95725
Glasser and Glasser, P.L.C.
Crown Center, Suite 600
580 East Main Street
Norfolk, Virginia 23510
757-625-6787
*Attorneys for Navy Federal Credit Union*

2.  Pursuant to the Order, the Movant was to receive from the Debtor all regularly scheduled payments becoming due commencing on May 1, 2023. That it is submitted that as of the date of the filing of this Certificate of Default, the Movant has failed to receive from the Debtor the regular scheduled payments due for the months of September 2023, October 2023, November 2023 and December 2023.

3.  In accordance with the provisions of the Order, the Movant mailed a Notice of Default (the **"Notice"**) to the Debtor, with a copy sent via electronic transmission to the Attorney for the Debtor and the Trustee, as registered participants of the CM/ECF filing system, on November 3, 2023, which Notice advised that the Debtor had fourteen (14) days to cure the default, file an objection with the Court stating that no default exists, or file an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered. The Notice further advised that in the event the Debtor or Trustee did not take one of the actions set forth therein, a Certificate may be filed with the Court, and the Court may grant relief from the automatic stay without further notice or hearing.

4.  Subsequent to the filing of the Notice the Movant received sums totaling $3,200.00, however same was insufficient to fully cure the default identified herein.

5.  The aforesaid fourteen (14) day cure period has expired and the default has not been fully cured, neither the Debtor or Trustee has filed an objection with the Court stating that no default exists, and neither the Debtor or the Trustee has filed an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered.

6.  As set forth herein, the Movant has complied with the terms of the Order and is, accordingly, entitled to the entry of an Order granting it relief from the automatic stay of the Bankruptcy Code with regard to the Property, including any act necessary to recover possession of same from the Debtor, without further notice or hearing.

NAVY FEDERAL CREDIT UNION

By /s/ Mengkun Chen
Of Counsel

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2023, a true copy of the foregoing Certificate of Default was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification (NEF) to counsel of record, and to all parties receiving notices through the Court's ECF system. In addition, on this same date, I hereby certify that I caused copies to be mailed by first class mail to Thomas P. Gorman, Trustee, at 1414 Prince St., Ste. 202, Alexandria, VA 22314 and to Heather A Trumble, Debtor, at 22021 Manning Square, Sterling, VA 20166.

/s/ Mengkun Chen
_____
Robyn D. Pepin, VSB #77784
John J. Chappell, III, VSB #88617
Alexander M. A. Rivera, VSB #98374
Mengkun Chen, VSB #95725